FILED

MAY 24 2019

Clerk, US District Court
District of Montana - Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 18-163-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO SUPPRESS |
| SCOTT TYLER WINCHELL, | |
| Defendant. | |

Before the Court is Defendant Scott Tyler Winchell's motion to suppress evidence found in the trunk of someone else's vehicle, from whom the police had consent to search the trunk. For the following reasons, the motion is denied.

I.   Facts

On September 25, 2018, members of the U.S. Marshals Service and the Billings Police Street Crimes Unit were notified that Scott Tyler Winchell was in a car at a Billings Wal-Mart parking lot. Winchell had active arrest warrants. (Docs. 34-1; 34-2). The team responded to the parking lot in unmarked cars and plain clothes and surveilled the scene. Upon identifying Winchell, the team swarmed the vehicle and arrested Winchell. Teisha West, who was also in the

1

vehicle, identified herself as the owner of the vehicle. The team asked Teisha West for consent to search the vehicle and she signed a written consent form. (Doc. 34-3). West informed the officers Winchell had belongings in the trunk, including a backpack.

Next to the driver's seat, the officers found a crystal substance wrapped in plastic and a clear plastic container with a crystal substance in it. In the trunk, officers observed a significant number of items scattered around, including a backpack, a transparent water bottle with a crystal substance in it, a blue container, seven baggies with crystal residue, several empty baggies, two baggies containing a half gram of a crystal substance each, three digital scales, and a torch and lighter. (Doc. 37 at 2-3).

When the officers removed the backpack from the trunk, they noticed the backpack had a pistol in its mesh side pocket. The officers removed the pistol from the mesh side pocket and removed the magazine from the pistol.

Based on the items found in the trunk, Winchell was indicted for conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 1).

II. **Discussion**

Passengers have an expectation of privacy in their containers or belongings within a car, *United States v. Fultz*, 146 F.3d 1102, 1105 (9th Cir. 1998), but police may seize evidence in plain view without a warrant. *Horton v. California*, 496 U.S. 128, 136-137 (1990).

Winchell does not argue the consent was invalid. Instead, Winchell argues West's consent to search the trunk did not provide the officers consent to search his backpack. Winchell makes that argument because whether the items were found in the trunk of the car or inside the backpack was a disputed issue of fact before the hearing. The Court has resolved the issue of fact in the government's favor because the testifying officer noted that he specifically wrote on the evidence property report that the gun was found inside the backpack's mesh pocket, but for every other item he wrote it was found in the trunk. (Doc. 37 at 2-3). Every piece of evidence found in the trunk, including the gun located in the backpack's mesh pocket, was therefore subject to the plain view exception to the warrant requirement because the items were in plain view, the officers had consent to search the trunk, and the incriminating nature of the items was readily apparent. *Horton*, 396 U.S. at 136-137. Furthermore, the gun's seizure was reasonable under the circumstances for officer and public safety. *See United States v. Orman*, 486 F.3d 1170, 1176-1177 (9th Cir. 2007).

3

## III. Conclusion and order

Winchell's motion to suppress (Doc. 22) is denied.

Dated this 24th day of May, 2019.

SUSAN P. WATTERS
United States District Court Judge